UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UPON THE APPLICATION OF PLAINTIFF IN THE ABOVE-CAPTIONED MATTER,

MICHAEL NIGRO,

             Plaintiff,

v.

THE CITY OF NEW YORK, a municipal entity,

             Defendant.

19-CV-2369-JMF

**[PROPOSED] ORDER**

WITH DEFENDANT'S CONSENT, for the unsealing of records of arrests of two non-party individuals who were arrested during on or about March 19, 2016 ~~2106~~, at the protest at issue in the above-captioned matter (the "Non-Party Arrestees") that might otherwise be protected from disclosure by New York Criminal Law ("CPL") §§ 160.50 and/or 160.55

**WHEREAS** such records are material and relevant to the above-captioned matter pending in the Southern District of New York, in which the City of New York is the Defendant and the Court has the authority to unseal these records in connection with this action;

**IT IS HEREBY ORDERED** that the records in the possession, custody, or control of the following entities pertaining to the stops, arrests, and/or prosecutions of the Non-Party Arrestees in that area sealed pursuant to CPL §§ 160.50 and/or 160.55 are hereby unsealed for use in this civil action consistent with this Order: (1) New York City Police Department; (2) New York County District Attorney's Office; (3) Bronx County District Attorney's Office; (4) Queens County District Attorney's Office; (5) Kings County District Attorney's Office; (6) Richmond County District Attorney's Office; (7) Supreme, Criminal, and/or Family Courts of New York County, State, and/or City of New York; (8) Corporation Counsel of the City of New York; (9) New York City Civilian Complaint Review Board; (10) New York City Department of Investigation; (11)

New York City Council; (12) Office of the Mayor of New York City; and (12) any other New York City Agency;

**IT IS FURTHER ORDERED** that each entity listed above shall not be subject to the statutory sealing requirements of CPL §§ 160.50 and/or 160.55 as to sealed records regarding stops, arrests, and/or prosecutions of the Non-Party Arrestees that are in the entity's possession, related to reviewing such records for potential disclosure and disclosing such records to counsel for the parties in the course of discovery in the above-captioned matter;

**IT IS FURTHER ORDERED** that each entity listed above may disclose sealed records of stops, arrests, and/or prosecutions of the Non-Party Arrestees that are in the entity's possession to counsel for the parties in the course of discovery in the above-captioned matter for use in this action consistent with this Order;

**IT IS FURTHER ORDERED** that records unsealed pursuant to this Order and produced by the entities listed above to counsel for the parties in the above-captioned matter shall be produced without redaction of personally identifying information related to the Non-Party Arrestees;

**IT IS FURTHER ORDERED** that records produced pursuant to this Order and the information contained in them shall not be Confidential Materials under the Protective Order deemed to be entered in cases subject to this Court's Section 1983 Plan (the "Protective Order") as a result of this Order, except that personally identifying information of the Non-Party Arrestees contained in such records, including their names, pedigree information (including dates of birth and social security numbers), and contact information (including addresses, phone numbers, and email addresses), shall be treated as Confidential Materials under the Protective Order.

DATED: June 30, 2021

JESSE M. FURMAN
United States District Judge